**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DAVID DAVON GOLDEN, # 337-160 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  PJM-15-726 |
| | * | |
| RICHARD MILLER, Warden, *et al.* | * | |
| | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending is David Davon Golden's ("Golden") self-represented Complaint pursuant to 42 U.S.C. § 1983 and Motion to Proceed in Forma Pauperis. Golden demonstrates he is indigent and he will be granted leave to proceed in forma pauperis.

The in forma pauperis statute, codified at 28 U.S.C. §§ 1915 and 1915A requires courts to dismiss the cases of self-represented plaintiffs proceeding in forma pauperis which fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555–56 (2007)). Liberal construction, however, does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Department*

*of Social Services*, 901 F.2d 387 (4th Cir. 1990); A self-represented plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (adding that "[d]istrict judges are not mind readers"); *see also Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring) (district court is not the pro se plaintiff's advocate, sua sponte developing statutory and constitutional claims the plaintiff failed to raise on the face of the complaint). For reasons to follow, this case will be dismissed pursuant to this standard.

## BACKGROUND

Golden, who is an inmate at North Branch Correctional Institution ("NBCI"), asserts that inmates housed in administrative segregation Housing Unit # 1 at NBCI "must be allowed access to computer system Nexis/Lexis for research specifically of trial disc. [sic] proceedings." (ECF 1). He claims that costs for paper transcripts are far more costly than purchasing them on a disc, and requests placement of a Lexis/Nexus system into the housing unit.[1]

Golden avers he was unable to perform proper research of appeal procedures [2] without

---

[1] The allegations in this Complaint are substantially the same and related to claims raised by Golden in *Golden v. Miller*, PJM-15-367 (D. Md. 2015). The Court dismissed that case on March 4, 2015. Subsequently, Golden filed a Motion for Reconsideration, asserting his case was dismissed prior to receipt of his supplement sent March 5, 2015. In the Memorandum and Order denying reconsideration, the Court determined *inter alia* that no supplement had been received, Golden failed to allege abridgement of constitutional right or federal law, and he had shown no actual injury. *Golden v. Miller*, PJM-15-367, ECF 12. Golden has appealed the dismissal of that case to the United States Court of Appeals for the Fourth Circuit. *Golden v. Miller*, PJM-15-367, ECF 10, 14.

The instant Complaint appears to have been intended by Golden as the supplemental filing in the earlier case. Golden, however, failed to follow the Court's February 18, 2015 Order, instructing him to write case number, PJM-15-367, on his supplemental filing. (ECF 3). As a result, the supplemental filing was treated as a separate Complaint and opened as a new case, Civil Action PJM-15-726. For reasons apparent herein, had the filing been docketed as a supplement in Civil Action No. PJM-15-367, it would not have altered the outcome of that case. The Court will direct the Clerk to file a copy of this Memorandum Opinion and the accompanying Order in both civil actions.

[2] The Court takes notice of the procedural history of Golden's criminal and post-conviction actions as they were described in *Golden v. Shearin, et al.* Civil Action No. PJM-11-86 (D. Md. 2013). Golden was found guilty of first-degree assault, use of a handgun in the commission of a felony, possession of a regulated firearm by a prohibited person, and unlawfully carrying a handgun by a jury sitting in the Circuit Court for Baltimore City in 2006. He was sentenced to forty years of imprisonment. On July 30, 2009, the Court of Special Appeals of Maryland affirmed

the Lexis/Nexis "computer satellite system" and, the LASI [3] system available to Housing Unit #1 inmates was inadequate for his research needs. Golden states he has ongoing legal proceedings including a Writ of Actual Innocence, a second or successive habeas corpus petition, civil suits filed under 42 U.S.C. § 1983, a Motion to Modify or Reduce Sentence, several complaints before the Attorney Grievance Commission, and a Motion to Reopen Post-Conviction Proceedings, all which he has had to conduct research "in the blind" because he cannot research trial proceedings on a disc. *Id.* at 3-4; ECF 1 attachments.  Golden indicates there are "numerous appeal processes that has [sic] time limitations and appeal limitations such as 2254 habeas corpus 365 days with no proceedings in court; 30 day appeals; motion to alter or amend (10 days) motion for new trial (10 days) etc [sic]." (ECF 1, p. 4). It is important to note that he does not allege missing filing deadlines in any of these matters. *Id*.  Indeed, the number of cases and motions Golden identifies as pending belies his contention that the LASI system is too slow and inadequate to enable him to access the courts.

The attachments to the Complaint show that on February 18, 2014, Golden sought to decline his return to general prison population housing after he was recommended for release

---

Golden's conviction. On July 16, 2010, Golden filed a Petition for Post-Conviction Relief in the Circuit Court for Baltimore City. On October 15, 2010, granted Golden the right to file a belated Motion for Modification of Sentence, but otherwise denied relief. On November 29, 2010, Golden filed an Application for Leave to Appeal the Post-Conviction Court's adverse rulings, which the Circuit Court struck as untimely filed. It is noteworthy that Golden does not attribute his untimely filing to a lack of access to the legal research system available to him. Golden filed a second Application for Leave to Appeal to challenge the denial of his motion to Alter or Amend Judgment and/or the Circuit Court's ruling striking his Application for Leave to Appeal. At the time Golden filed his Petition for Writ of Certiorari, his second Application for Leave to Appeal was pending in the Court of Special Appeals. This second application was denied on April 8, 2013. On May 20, 2013, Golden's Petition for a Writ of Certiorari was denied in the Court of Appeals of Maryland. His federal petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was denied on October 28, 2013. *See Golden v. Shearin, et al.* Civil Action No. PJM-11-86 (D. Md. 2013). On April 1, 2014, the United States Court of Appeals for the Fourth Circuit denied a Certificate of Appealability and dismissed his appeal of the decision denying federal habeas corpus relief. *See Golden v. Shearin*, CA4 13-7839.

[3] The Legal Assistance to State Institutions ("LASI") system is paper-based. *See Golden v. Miller, et al*. Civil Action No. PJM-15-367.

3

from administrative segregation. He reasoned that he did not want to moot his request for injunctive relief to place a satellite computer system in Housing Unit #1. (ECF 1-7, p.7). Lexis/Nexis is available to inmates in the general prison population.[4]

## DISCUSSION

Prisoners are entitled to reasonable access to the courts. *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Bounds v. Smith*, 430 U.S. 817, 828 (1977). That entitlement is not without limitations.

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997), quoting *Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury occurs when a prisoner demonstrates that a "non-frivolous" and "arguable" claim was lost because of the denial of access to the courts. Id. at 352–352. Conclusory allegations are not sufficient. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (denying access to court claim based on allegation that petition for a writ of certiorari had, for unspecified reasons, been dismissed and where

---

[4] *See Golden v. Miller*, PJM-15-367 (D. Md. 2015).

plaintiff did not even mention the point on appeal). The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christophe*r, 536 U.S. at 415.

Golden does not show that he has missed a deadline or the opportunity to file an action in court to evidence actual injury required to state a constitutional claim.  He has already pursued direct appeal, state post-conviction relief, and a federal habeas corpus proceeding. Despite his complaints about the legal research system available to him, he has since filed numerous other cases and pleadings. He does not discuss, and the court is unable to assess without more information, whether his pending actions are "non-frivolous" or "arguable" as must be shown to establish a claim of constitutional moment. "[T]he predicate claim [must] be described well enough to apply the 'non-frivolous' test and to show the 'arguable' nature of the underlying claim is more than hope." *Id*. at 416 (footnote omitted).  Thus, his allegations fail to establish a unconstitutional burden on his right to access the courts, and this case will be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For these reasons, the Court finds Golden has failed to set forth a constitutional claim of denial of access to the courts, and this case will be denied and dismissed without prejudice. A separate Order follows.

March 27, 2015

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE